FILED
SUPERIOR COURT
OF GUAM

2014 APR -9 PM 3: 52

CLERK OF COURT
BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| IN THE MATTER OF THE ESTATES<br><br>OF<br><br>JOSE TAITANO GUTIERREZ and<br>FLORENCE S. GUITIERREZ, Husband and Wife,<br><br>Decedents. | PROBATE CASE NO. PR 0024-10<br><br>**DECISION AND ORDER<br>INTERPRETING WILL** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 7th day of March, 2014. At a hearing called for oral argument on the Contestant-Administrator's Petition to Sale Real Property, the Petitioner requested the Court interpret the Decedents' joint will to determine the distribution of the Estates' property. Attorney Charles McDonald represented the Contestant-Administrator Franklin J. Gutierrez, and Attorney John C. Terlaje represented the Petitioner Harry Dean Gutierrez and the remaining heirs of the Decedents. The Court orders Franklin J. Gutierrez, in his capacity as Administrator of the Estates of the Decedents Jose Taitano Gutierrez and Florence S. Gutierrez, to carry out his duties as Administrator in accordance with the interpretation of the will set forth herein.

## FACTUAL AND PROCEDURAL HISTORY

On January 22, 1999, Jose Taitano Gutierrez died, survived by his wife, Florence S. Gutierrez. Florence S. Gutierrez (hereinafter "Mrs. Gutierrez") died on February 17, 2010. On March 3, 2010, the Petitioner, Harry Dean Gutierrez filed an Ex Parte Petition for Special Letters of Administration for both estates. The petition was set to be heard on April 23, 2010. However, on March 19, 2010, the same day the hearing was noticed, the Court issued an order appointing the Petitioner as the Special Administrator without holding hearing, and the Clerk of Court swore in the Petitioner as the Special Administrator. On May 3, 2010, the Petitioner filed a Notice of Hearing on Petition for Letters of Administration. This matter was never heard, and on December 9, 2010, the Contestant Franklin J. Gutierrez filed an Objection to the Petition for Letters of Administration that was filed by Harry Gutierrez, on the bases that: 1) notice was not properly given for hearing the petition filed by the Petitioner pursuant to 15 GCA § 3401; and 2) Mrs. Gutierrez purportedly left a holographic will designating the Contestant as the administrator of her estate. In addition, although the purported will does not specify an inclusive list of the assets of the estate, the will purports to distribute certain interests to the Contestant.

On March 15, 2011, the Contestant filed his own Petition for Probate of Holographic Will of Florence S. Gutierrez and for Letters Testamentary, or, in the Alternative, Petition for Letters of Administration for the Estate of Jose Taitano Gutierrez, with the Superior Court. The Contestant requested that he be appointed administrator of both estates, and that the Petitioner be removed as the administrator of either estate. Subsequently, on March 24, 2011, the Petitioner finally began to publish the notices and issue the mailings required under 15 GCA § 3401, and on March 30, 2011, the Court held a hearing on the Petitioner's year-old petition. On

April 12, 2011, the Petitioner filed his Contest of Will and Petition for Letters of Administration, contesting the Contestant's submitted will, and again requesting Letters of Administration be issued to him. The parties agree that the document purported to be a holographic will was written by Florence S. Gutierrez in her handwriting. The parties agreed to submit the will contest to the Court on the basis of the filings submitted.

On May 21, 2012, the Court issued Findings of Fact and Conclusions of Law. The Court found that the will was handwritten, dated, and signed by Florence S. Gutierrez, and also signed by Jose Taitano Gutierrez. The Court also found that Mrs. Gutierrez was an adult of sound mind at the time she handwrote the will. The Court concluded that because the document proffered as a will by the Contestant met the requirements of a holographic will under 15 GCA § 207, the ordinary formalities required to execute a valid will, as set forth in 15 GCA § 201, were inapplicable. As the Court also found that Mrs. Gutierrez had the testamentary intent to make a will, the document was a valid holographic will. Accordingly, the Court granted probate to the will and appointed the Contestant Franklin J. Gutierrez as Administrator of the Estates.

The Petitioner filed a timely Motion for Reconsideration. The Court heard oral argument on August 17, 2012, and issued a Decision and Order denying the Motion on November 8, 2012. Thereafter, the Petitioner filed a Petition for Appointment of Administrator to Replace Current Administrator, which the Contestant-Administrator opposed. The Court denied the Petition on August 23, 2013. On November 12, 2013, the Court ordered the Contestant-Administrator to file an Inventory and Appraisement of the assets of the Estates. The Inventory and Appraisement was filed on November 27, 2013. On December 5, 2013, the Contestant-Administrator filed a Petition to Sale Real Property. After a continuance, the motion hearing occurred on March 7, 2014. At the hearing, the parties revealed to the court that they had agreed

to split the costs of administering the estate among themselves. As the petition's purpose had been to use the proceeds of a sale of some of the estate's property in order to pay these costs, the petition withdrawn by the Contestant-Administrator. However, at that hearing the Petitioner, supported by the other heirs of the Decedents besides the Contestant-Administrator, asked the Court to interpret the will. This the Court now does.

## DISCUSSION

### I. The Will and the Inventory

The will was handwritten by Mrs. Gutierrez. As well as the Court is able to make out the handwriting, this is the text of the document:

"March, [May crossed out] 26, 1985 [the 5 overwrites a 1]

I, Florence S. Gutierrez, along with my husband Jose T. Gutierrez, do here by [sic] agree togather [sic], that our son Franklin James Gutierrez be appointed our Administrator to our estate if anything should happen to us at any time, as he sees fit equally. And our portion concerning Joe and Flo's Restaurant shall be at his disposal to do with as he sees fit along with our interest of Joe + Flo's Incorporated Shares.

We being of sound mind when we sign this agreement between my husband and I."

[Signature of Florence S. Gutierrez]
Florence S. Gutierrez (printed)
[Signature of Jose T. Gutierrez]
Jose T. Gutierrez (printed)

Time: 4:20 p.m.
Xwitness:
[Signature of Florence S. Elliott]
5/26/81

Place: Agana Heights

I change the date
March 26, 1985                              Witness
[Signature of Florence S. Gutierrez]        [Signature of Maria G. Clark]"

The Inventory and Appraisement of the Estates, prepared by Franklin Gutierrez as the Estates' Administrator, was filed on November 27, 2013. The document specifies the following properties as belonging to the Estates:

"A. Real Property/Community Property

1.      Lot No 48 REM-3-N, Agana Heights, Guam, estimated value: $285,000.00;

2.      Lot No. 48 REM-3-S, Agana Heights, Guam, estimated value: $50,000.00;

3.      Lot No. 165-2-R1, Yona, Guam – 8% interest, estimated value: $288,000.00;

4.      Lot 81, Block 2, Tract 20106 (ponding basin), estimated value: $45,000.00.

B. Personal Property

1.      Bank Pacific checking account no. 7001-113164, estimated value: $18,953.50;

2.      24% interest in the corporation of Joe & Flo's, Inc. The property owned by this corporation includes, among other things, the following real property: [blank], estimated value: Unknown at this time."

The estimated total value of the four real properties plus the bank account is $686,953.50. The assets belonging to the corporation are unspecified, and no estimate of the value of the Estates' interest in the corporation has been brought to the Court's attention.

## II. Will Interpretation

Chapter 6 of Title 15 of the Guam Code, governing the interpretation of wills, specifies that the testator's express intention is paramount. 15 GCA § 601 (2011). The Supreme Court has ruled that when interpreting a will, the Court must "first look to the language of the will to determine if it is ambiguous." Torres v. Estate of Cruz ex rel Guzman, 2011 Guam 4 ¶ 22. A will should be "construed according to the intentions of the testator." Id. at ¶ 15, (citing 15 GCA § 603 (2011)). Minor mistakes and imperfect descriptions of property must be corrected if the

error appears from context. 15 GCA § 611 (2011). Technical words are not necessary to give effect to dispositions in the will. 15 GCA § 613 (2011). The approach of the Probate Code of Guam is to emphasize the intention of the testators, generally read language in its ordinary and grammatical sense, and avoid total intestacy if possible. See 15 GCA §§ 601, 605, and 613 (2011).

When interpreting the Guam Probate Code, California case law is instructive, because California law was the source of the substantive changes made in 1981. In re Hemlani, 2008 Guam 25 ¶ 16 (citing Guam Pub. L. 16-52 (Dec. 17, 1981)). The Probate Code of Guam only specifically mentions a presumption against total intestacy, not partial intestacy. 15 Guam GCA § 605 (2011) ("of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy"). But when interpreting the analogous California provision, California courts applied the presumption to partial intestacies as well as total ones. Estate of Wignall, 80 Cal.App.2d 958, 960, 183 P.2d 26 (Cal. 1947); Estate of Olsen, 9 Cal.App.2d 374, 379, 50 P.2d (Cal. 1935); Estate of Northcutt, 16 Cal.2d 683, 690, 170 P.2d 607 (1940). When a court interpreted a will, it was to subordinate the meaning of particular words and phrases to the "scheme, plan, or dominant purpose," so as to effectively carry out the testator's intent. Estate of O'Connell, 29 Cal.App. 3d, 531-32, 105 Cal.Rptr. 590 (1972). Moreover, a small or nominal gift to a family member indicated the testator's intention to disinherit that family member, who therefore should not receive an intestate share. See Estate of Spence, 57 Cal.App.2d 922,926, 135 P.2d 419 (1943); see also Estate of Kaseroff, 19 Cal.3d 272, 275, 137 Cal. Rpt. 644, 562 P.2d 325 (1977).

Upon reading the will in light of the law governing interpretation, the Court makes the following interpretation of the testators' intent:

1. The Decedents intended that their Estates be administered jointly.

2. The Decedents intended that their son Franklin J. Gutierrez be appointed the Administrator of their Estates.

3. The Decedents intended that their interest in "Joe and Flo's Restaurant" would be at their son Franklin J. Gutierrez's disposal to do with as he sees fit.

4. The Decedents intended that their shares of the capital stock of "Joe + Flo's Incorporated" would be at their son Franklin J. Gutierrez's disposal to do with as he sees fit.

5. The decedents made no other bequests.

6. The decedents made no disposition of the residuary of their estate.

The Decedents' will is unambiguous with regard to the property it attempts to dispose of. The will mentions two properties of the Decedents, their interest in "Joe and Flo's Restaurant," and their interest in the shares of "Joe + Flo's Incorporated." These are unambiguously put at the disposal of the Decedent's son Franklin J. Gutierrez. No other specific bequests are made, nor is any disposition of the residuary of the Estates made, in the will. Nor are there lines in the will that are ambiguous and could be interpreted as making additional bequests or disposing of the residuary.

## III. Comparison of Will and Inventory; Property Disposition

Comparing the assets mentioned in the will with those in the Inventory and Appraisal of the Estates, the Court finds:

1. The will's mention of "our interest of Joe + Flo's Incorporated Shares," corresponds to Line 2 of Section B of the Inventory: "24% interest in the corporation of Joe & Flo's, Inc."

2. The will's mention of "our portion concerning Joe and Flo's Restaurant," has no analogue in the assets of the Estates listed in the Inventory.

3. The real properties owned by the Estates that are enumerated at Section A Lines 1-4 of the Inventory are not mentioned in the will.

4.　　The bank account owned by the Estates that is enumerated at Section B Line 1 of the Inventory is not mentioned in the will.

The slight difference in terminology between the will's mention of "our interest of Joe + Flo's Incorporated Shares," and the Inventory's term "the corporation of Joe and Flo's Inc." is immaterial, as the testators' intention in making the bequest is unambiguous. The Decedents unambiguously intended to give their interest in the corporation, whatever that interest was at the time of the surviving spouse's death, to Franklin J. Gutierrez. A gift of specific personal property, in this case, shares of a corporation's capital stock, is a "specific legacy" under the terms of the Guam Probate Code. See 15 GCA § 645(a) (2011). The fact that they did not make mention of a percentage interest in the corporation or a number of shares is irrelevant in the face of their unambiguous intent.

The Decedents also evinced a clear intention to give their son Franklin J. Gutierrez their interest in the ownership of Joe and Flo's Restaurant. But in contrast to their interest in the shares of capital stock of Joe & Flo's, Inc., there is no asset in the Estates' possession that corresponds with this bequest. The interest in the restaurant is also a legacy of a particular thing, and not merely a legacy of money which specifies property as a source from which the money is to be derived. See 15 GCA § 645(a), (b) (2011) (contrasting specific legacies with demonstrative legacies). When the property that was willed via a specific legacy is not a part of the estate at the time of the testator's death, that specific legacy falls victim to ademption, which means the gift fails, and the value of the intended gift is not given to the intended beneficiary as cash or other property. See 15 GCA § 645(a) (2011); see also 80 Am. Jur. 2d Wills § 1705 (1975).

When a testator dies without disposing of property by will, Guam's succession statute takes effect. 15 GCA § 801 *et. seq.* (2011). This is the case when a testator dies intestate, without a will at all, but also when a testator dies with a will that does not dispose of the testator's entire estate, in partial intestacy. See 15 GCA § 803 (2011). Guam law, and American jurisprudence generally, presumes against intestacy. See 15 GCA § 605 (2011) ("of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy"); see also 80 Am Jur. 2d Wills § 1175 (1975) (describing the traditional presumption against intestacy). Courts in California, when interpreting the California provision that formed the basis of Guam's presumption against intestacy, applied it to partial as well as total intestacies. Estate of Wignall, 80 Cal.App.2d 958, 960, 183 P.2d 26 (Cal. 1947); Estate of Olsen, 9 Cal.App.2d 374, 379, 50 P.2d (Cal. 1935); Estate of Northcutt, 16 Cal.2d 683, 690, 170 P.2d 607 (1940).

But the presumption against intestacy, including partial intestacy, is used to interpret ambiguous language that could be fairly read either in favor of intestacy or in favor of a bequest, and does not apply when the language is unambiguous. Contrast Torres v. Estate of Cruz ex rel Guzman, 2011 Guam 4 ¶ 22 (holding that a court should first look to whether the text of the document is ambiguous), with 15 GCA § 605 (2011) ("of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy"). Thus, when there is no ambiguity, the presumption against intestacy is inapplicable.

The will of the Decedents is two sentences long. The first sentence unambiguously expresses the intention that Franklin J. Gutierrez administer the Estates. The second mentions two specific property interests and disposes of them. But there is no language in the will, even ambiguous language, that could be read to make any other bequests or dispose of the residuary of their estate. A general scheme, plan, or dominant purpose with regard to the rest of the

Estates' assets cannot be found. Nor were there any small or purely nominal gifts to family members, which may indicate an intention to disinherit. Because the will lacks any ambiguous language that the presumption against intestacy could aid the Court in interpreting, and because there are no other indications of a testimonial intent against intestate transfers, the Court finds that the presumption against intestacy is inapplicable to the remaining property of the Estates.

Florence S. Gutierrez and Jose Taitano Gutierrez never evinced any intent to dispose of any property besides their interest in Joe and Flo's Restaurant and their shares of Joe & Flo's, Inc. The remaining properties in the Inventory and Appraisal of their Estates, the four real properties and the bank account, are intestate. Accordingly, they are governed not by the will, but by the provisions of the succession statute, 15 GCA § 801 *et. seq.* (2011).

## CONCLUSION

The Court concludes that, pursuant to the will of the Decedents Jose Taitano Gutierrez and Florence S. Gutierrez, the Estates' twenty-four percent interest in the shares of the capital stock of the corporation Joe & Flo's, Inc., shall be at the disposal of the Decedents' son, Franklin J. Gutierrez, to do with as he sees fit. The Court also concludes that the will's mention of the Decedent's Joe & Flo's Restaurant was a specific legacy of property not in the estate. As such, that property is subject to ademption and the legacy fails, and the value of the intended legacy may not be paid out of other assets of the Estates. Lastly, the court concludes that the Decedents made no provision in their will for the four real properties and the bank account, that the Decedents are partially intestate with regard to these assets, and thus that the real properties and the bank account shall be disposed of according to the provisions of Guam's Succession statute.

The Administrator of the Estates, Franklin J. Gutierrez, shall carry out his duties as Administrator in conformance with the interpretation of the will as set forth herein.

IT IS SO ORDERED   APR 0 9 2014        .

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
C. McDonald;
John Terlaje; DMR
Date: 4/9/14   Time: 4p
Deputy Clerk, Superior Court of Guam